UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Ronald Lee Paulson,<br><br>                    Petitioner,<br><br>       v.<br><br>Jeffrey A. Uttecht,<br><br>                    Respondent. | CASE NO. 3:19-cv-05298-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 19, 2019 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Ronald Lee Paulson, proceeding *pro se* filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 6. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

**I.    Background**

Petitioner was convicted, upon pleading guilty,[1] of four counts of first-degree statutory rape, one count of indecent liberties, and one count of bail jumping. Dkt. 11, Exhibit 1. He was

---

[1] In the Petition, Petitioner states he entered a nolo contendere/Alford plea. Dkt. 6 at 1.

sentenced 144 months of confinement. *See id.* Petitioner did not appeal his judgment and sentence in state court. Dkts. 6 at 2, 11. Petitioner filed this Petition on April 16, 2019. Dkts. 1, 6.[2]

Petitioner raises four grounds for relief all based on his claim he is unlawfully detained and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 6. On May 13, 2019, Respondent filed an Answer, wherein he asserts the Petition was filed after the limitations period expired. Dkt. 10. Respondent maintains the Petition is therefore time-barred and should be dismissed with prejudice. *Id*. Petitioner filed a Traverse. Dkt. 12.

**II.     Discussion**

   *A.  Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894,

---

[2] Under the prison "mailbox rule," a petition is deemed filed for purposes of AEDPA's statute of limitations the moment it is delivered to prison authorities for forwarding to the clerk of the district court. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir. 2001). The Petition appears on the docket at docket number 1 and docket number 6. The Court will refer to docket number 6 throughout the remainder of this Report and Recommendation.

897-98 (9th Cir. 2001). In Washington, notice of appeal must be filed in the trial court 30 days after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not file a direct appeal, the state court judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. § 2244(d)(1)(A).

Petitioner's judgment and sentence was filed by the clerk on November 17, 2017, and he did not file a direct appeal challenging his convictions and sentence. Dkts. 6, 11. Thus, Petitioner's judgment and sentence was final on December 17, 2017, the date the time for filing a direct appeal expired. *See* Wash. RAP 5.2(a). The AEDPA limitations period began running on December 18, 2017. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (AEDPA limitations period begins to run the day after the conviction is final).   The one-year statute of limitations expired on December 18, 2018. Petitioner did not file the Petition until April 16, 2019, which was 119 days after the limitations period expired. *See* Dkt. 6.

Petitioner contends the AEDPA limitations period is "Not Applicable" to his Petition. Dkt. 6 at 13. In the Traverse, Petitioner states the AEDPA limitations period does not apply because the Petition is an "original action" and not an appeal requesting the review of his judgment and conviction. Dkt. 12 at 4. In the Petition, Petitioner specifically challenges his state court convictions and sentence of statutory rape, indecent liberties, and bail jumping, Dkt. 6 at 1, but he does not provide any evidence showing he appealed the underlying case in state court or that he was precluded from challenging his convictions. The AEDPA limitations period provided Petitioner with a reasonable opportunity to have his claims heard on the merits.  His decision not to avail himself of such an opportunity does not demonstrate the one-year limitation period does not apply to him.

1  For the above stated reasons, the Court finds Petitioner has not shown the Petition was
2  timely filed. As the record reflects the Petition was filed after the statute of limitations had run,
3  the Petition is untimely.

### B. *Statutory and Equitable Tolling*

The AEDPA limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, Petitioner did not a collateral challenge in state court, and thus, statutory tolling does not apply.

The AEDPA limitations is also subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkts. 6, 12. Therefore, Petitioner fails to show he is entitled to statutory or equitable tolling, and the Petition is barred by the AEDPA limitations period.

### C. *Exhaustion*

Respondent also argues the Petition is not properly exhausted because Petitioner never raised his federal claim in any state court. Dkt. 10 at 3, fn. 1. However, because the Court concludes the Petition is untimely, the Court declines to consider Respondent's alternative grounds for denying habeas corpus relief.

### D. *Motion to Request Court Rule on Petition (Dkt. 13)*

Petitioner also filed a Motion to Request the Court Rule on the Petition (the "Motion"). Dkt. 13. Petitioner asks the Court to "proceed in a summary way to determine the cause of the

restraint and to take immediate and appropriate action in the absence of legal cause for arrest and detention." Dkt. 13 at 2. As discussed above, the Court concludes the Petition is untimely and recommends it be dismissed with prejudice. Petitioner advances no statutory or equitable grounds under which this Court should consider the untimely Petition. Accordingly, the Court recommends the Motion (Dkt. 13) be denied.

### III.  Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

### IV.  Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional

1 claims or that jurists could conclude the issues presented are adequate to deserve encouragement
2 to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,
3 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of
4 Petitioner's claims or would conclude the issues presented in the Petition should proceed further.
5 Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect
6 to this Petition.

**V.     Conclusion**

The Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied. Based on the foregoing, the Court also recommends the Motion (Dkt. 13) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 19, 2019 as noted in the caption.

Dated this 27th day of June, 2019.

David W. Christel
United States Magistrate Judge