HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD LEE PAULSON, | CASE NO. 3:19-cv-05298-RBL |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| UTTECHT, | |
| Respondent. | |

THIS MATTER is before the Court on Petitioner Ronald Lee Paulson's Motion for Reconsideration. Dkt. # 19. On July 31, 2019, the Court issued an Order adopting Magistrate Judge Christel's Report and Recommendation to dismiss Paulson's petition as barred by 28 U.S.C. § 2244(d)'s one-year statute of limitations. Dkt. # 17. Judge Christel explained that Paulson's petition was filed 119 days after the AEDPA limitations period expired on December 18, 2018. Dkt. # 14 at 3. On the current Motion, Paulson vaguely contends that the Court should ignore AEDPA's statute of limitations and review his petition.

Pursuant to Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

reasonable diligence.  The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."  Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple.  A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly.  *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995).  Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.  *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Under 28 U.S.C. § 2244(d), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  Typically, the clock starts running when the petitioner's judgment becomes final, § 2244(d)(1)(A), although it is tolled while a petitioner pursues state post-conviction relief.

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

§ 2244(d)(2). The period also may start anew if the petitioner relies on a new, retroactively-applicable constitutional right or if new factual predicates are uncovered that were unavailable before. § § 2244(d)(1)(C), (D). Equitable tolling may also be available in some rare cases "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (quoting *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 128 F.3d 1283, 1288 (9th Cir. 1997)).

Here, Paulson has asserted nothing beyond conclusory generalizations to convince the Court that AEDPA's statute of limitations should be ignored in his case. He states that his petition rests on newly-discovered grounds, but he does not elaborate on what those grounds are or why they could not have been uncovered earlier with due diligence. Dkt. # 19 at 5. He also argues broadly about how habeas cases are "original civil action[s]" and should not be subject to exhaustion requirements. Exhaustion is irrelevant to his petition, which was dismissed as untimely. In short, Paulson provides no arguments compelling enough to approach the high bar to succeed on a motion for reconsideration. His Motion is therefore denied.

IT IS SO ORDERED.

Dated this 19th day of August, 2019.

Ronald B. Leighton
United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 3